﻿Citation Nr: AXXXXXXXX
Decision Date: 08/27/19 Archive Date: 08/26/19

DOCKET NO. 190418-9484
DATE: August 27, 2019

ORDER

An initial increased disability rating of 100 percent for coronary artery disease (CAD) with myocardial infarction and percutaneous coronary intervention prior to January 25, 2019, is granted.

FINDING OF FACT

Prior to January 25, 2019, the probative evidence of record demonstrates that the Veteran’s CAD with myocardial infarction and percutaneous coronary intervention, at worst, has been productive of a workload of 3 METs or less resulting in dyspnea and fatigue.

CONCLUSION OF LAW

The criteria for the award of an initial 100 percent disability rating for CAD with myocardial infarction and percutaneous coronary intervention prior to January 25, 2019, have been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 3.102, 4.1, 4.2, 4.3, 4.6, 4.7, 4.10, 4.104, Diagnostic Code 7005.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran had active service in the Army from October 1966 to October 1968.

This matter comes before the Board of Veterans’ Appeals (Board) on appeal from a February 2019 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO). 

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Veteran chose to participate in VA’s test program, the Rapid Appeals Modernization Program (RAMP). The Veteran submitted election form on July 30, 2018, and the Agency of Original Jurisdiction (AOJ) adjudicated the CAD issue as a Supplemental lane claim in the February 2019 rating decision. This decision has been written consistent with the new AMA framework.

The Agency of Original Jurisdiction (AOJ) did not adjudicate the issues of service connection for peripheral neuropathy of the upper and lower extremities included in that July 30, 2018, RAMP election. Therefore, the Board cannot adjudicate those issues. The Veteran may resubmit the review request to the AOJ or notify the AOJ that these issues are still pending.

1. Legal Standards

Disability ratings are determined by applying the criteria set forth in the VA’s Schedule for Rating Disabilities, which is based on the average impairment of earning capacity resulting from disability. Separate diagnostic codes identify the various disabilities. See 38 U.S.C. § 1155; 38 C.F.R. § 4.1. If two evaluations are potentially applicable, the higher evaluation will be assigned if the disability picture more nearly approximates the criteria for the higher evaluation; otherwise, the lower evaluation will be assigned. See 38 C.F.R. § 4.7. Any reasonable doubt regarding the degree of disability will be resolved in favor of the Veteran. 38 C.F.R. § 4.3.

In order to evaluate the level of disability and any changes in condition, it is necessary to consider the complete medical history of the Veteran’s condition. Schafrath v. Derwinski, 1 Vet. App. 589, 594 (1991). A claimant may experience multiple distinct degrees of disability that might result in different levels of compensation from the time the increased rating claim was filed until a final decision is made. Hart v. Mansfield, 21 Vet. App. 505 (2007). The analysis in the following decision is therefore undertaken with consideration of the possibility that different “staged” ratings may be warranted for different time periods. 

2. Analysis 

The Veteran seeks a higher initial rating for his service-connected CAD with myocardial infarction and percutaneous coronary intervention. As an initial matter, service connection was established in a February 2018 rating decision with an evaluation of 10 percent effective November 15, 2017. The claim has been on appeal since that time. As such, the rating period for consideration on appeal is from November 15, 2017. 

The Veteran’s CAD with myocardial infarction and percutaneous coronary intervention has been assigned a 10 percent disability rating prior to January 25, 2019, and a 100 percent disability rating thereafter, under Diagnostic Code 7005. Under Diagnostic Code 7005, arteriosclerotic heart disease (coronary artery disease) resulting in workload of greater than 7 METs but not greater than 10 METs results in dyspnea, fatigue, angina, dizziness, or syncope, or; when continuous medication is required, is rated 10 percent disabling. The next higher rating of 30 percent is awarded for arteriosclerotic heart disease resulting in workload of greater than 5 METs but not greater than 7 METs results in dyspnea, fatigue, angina, dizziness, or syncope, or; evidence of cardiac hypertrophy or dilatation on electrocardiogram, echocardiogram, or X-ray. Arteriosclerotic heart disease resulting in more than one episode of acute congestive heart failure in the past year, or; workload of greater than 3 METs but not greater than 5 METs results in dyspnea, fatigue, angina, dizziness, or syncope, or; left ventricular dysfunction with an ejection fraction of 30 to 50 percent, is rated 60 percent disabling. Arteriosclerotic heart disease resulting in chronic congestive heart failure, or; workload of 3 METs or less results in dyspnea, fatigue, angina, dizziness, or syncope, or; left ventricular dysfunction with an ejection fraction of less than 30 percent, is rated 100 percent disabling. 38 C.F.R. § 4.104, Diagnostic Code 7005.

The Veteran was provided a VA examination in January 2018. The VA examiner noted that the Veteran was diagnosed with CAD in April 2017 and treated with an angioplasty. The examiner noted that the Veteran’s treatment plan required continuous medication. The examiner found that the Veteran had no history of other heart conditions, including myocardial infarction. The examiner noted a November 2017 echocardiogram that showed a left ventricular ejection fraction (LVEF) of 60 percent with normal wall motion and thickness. The examiner did not administer an exercise stress test, because it was not required as part of the Veteran’s current treatment plan and the test was not without significant risk. Instead, the examiner administered an interview-based METs test and assigned a score of more than 3 to 5, based on the Veteran’s report of fatigue. The examiner opined that the Veteran’s METs score was due to multiple medical issues but that not possible to estimate the percent of limitation attributable to each medical condition. 

The Veteran was provided another VA examination in January 2019. The examiner noted the Veteran’s CAD diagnosis with a secondary diagnosis of myocardial infarction and percutaneous coronary intervention, based on the Veteran’s report of a heart attack while hospitalized in April 2017. He reported the condition had progressed since onset and that his current symptoms included “weakness, increased fatigue, and shortness of breath.” The examiner noted that the Veteran required continuous medication for his heart condition. The examiner considered an January 2019 echocardiogram, which showed a LVEF of 64 percent. The examiner did not administer an exercise stress test, because it was not required as part of the Veteran’s current treatment plan and the test was not without significant risk. Instead, the examiner administered an interview-based METs test and assigned a score of 1-3 METs, based upon reports of dyspnea and fatigue. The examiner opined that this score was due solely to the Veteran’s heart condition. The examiner also opined that progression had occurred.

A review of the Veteran’s private treatment records, including those just prior to the period on appeal, provides further context to the disparate findings of the VA examiners. The Veteran underwent a cardiac rehabilitation program immediately after his April 2017 hospitalization and initially progressed from a maximum METs score under 3 at the beginning of May 2017 to an average METs of 3 to 5 in June 2017. The Veteran had LVEF scores of 47% in May 2017, and 47% and 60% at follow-up appointments in November 2017. The Veteran subsequently showed a severe worsening at his April 2018 follow-up, with a METs score of 1.61.

In considering all the evidence of record, the Board notes that the Veteran’s condition has fluctuated repeatedly. While the Veteran made a brief improvement during rehabilitation just prior to the period on appeal, any gains were apparently short-lived, as the Veteran’s condition again manifested with METs scores under 3 within the year. Furthermore, the Board finds that the January 2018 VA examiner did not adequately consider this medical history. For example, the examiner noted a normal echocardiogram from November 2017 showing a LVEF of 60% but did not note another abnormal echocardiogram from the same month showing a LVEF of 47%.

(Continued on the next page)

 

Given the unstable nature of the Veteran’s heart condition, the Board finds that staged ratings are not appropriate, because the treatment records do not show a steady progression, but rather a rapid fluctuation between levels of severity. At its worst, the Veteran’s CAD with myocardial infarction and percutaneous coronary intervention resulted in maximum METs scores under 3. Accordingly, resolving every doubt in favor of the Veteran, the Board finds that an initial disability rating of 100 percent is warranted throughout the period on appeal.

 

DELYVONNE M. WHITEHEAD

Acting Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board D. Whitehead

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.